FRED A. RISSER, President State Senate
You have requested my opinion concerning county authority and financial liability relating to inmate placements at the Wisconsin Resource Center (hereinafter referred to as Center). The statutes relating to the new Center, as created by ch. 20, secs. 752r, 753m, 968, 969i and 969mg, Laws of 1981, provide as follows:
 46.052 Correctional and other institutions; expansion and establishment of facilities. (1) on or after the effective date of this act (1981), the department shall:
. . . .
 (am) Provide the facilities necessary to operate Hughes hall at the Winnebago mental health institute with 160 beds. The facilities may be used for forensic patients and persons transferred under ch. 51 or 53. *Page 171 
 46.056 Wisconsin resource center. The department shall establish the Wisconsin resource center on the grounds of the Winnebago mental health institute near Oshkosh. The subunit of the department responsible for community services shall have responsibility for inmates transferred under s. 53.055.
 53.01 Names of prisons . . . . The resource facility at Oshkosh is named "Wisconsin Resource Center" . . . . The institutions named in this section . . . are state prisons.
 53.055 Transfer of inmates to resource center. The department may transfer an inmate from a prison, jail or other criminal detention facility to the Wisconsin resource center if there is reason to believe that the inmate is in need of individualized care. The inmate is entitled to a transfer hearing by the department on the transfer to the Wisconsin resource center. Inmates who are admitted for involuntary treatment of mental illness, developmental disabilities, alcoholism or other drug abuse must be admitted under s. 51.37
(5).
 53.18(1m) Inmates transferred to the Wisconsin resource center shall be afforded a transfer hearing under s. 53.055.
Through the above provisions, inmates can be transferred to the Center under two distinct authorities: (1) sec. 53.055, Stats., which provides for inmate transfers for "individual care"; and (2) sec. 51.37(5), Stats., which provides for inmate transfers for treatment of individuals who are mentally ill, drug dependent, developmentally disabled or alcoholic. These separate procedural mechanisms result in authorizing different degrees of county authority and financial responsibility.
In my opinion, counties have no authority over transfers initiated pursuant to sec. 53.055, Stats. This statute expressly vests the exclusive power to transfer inmates in the Department of Health and Social Services. I find no specific statutory language indicating that counties should have any transfer authority under sec. 53.055, Stats.
You further inquire as to the departmental authority to transfer "county prisoners" from a county jail to the Center. The term "county prisoner" is somewhat ambiguous. Section 59.23, Stats., provides that the sheriff has "custody" of all persons detained or imprisoned in his jail, although in some instances this "custody" simply consists of temporarily detaining a prisoner who is in the *Page 172 
actual custody of the department. Section 53.055, Stats., certainly permits the department to transfer inmates detained in a county jail, when that inmate is considered to be in department custody. However, it is my opinion that the statute does not allow the department to transfer an inmate to the Center where the county has custody. It is true that sec. 53.055, Stats., states that "[t]he department may transfer an inmate from a . . . jail . . . to the Wisconsin Resource Center." without any specific qualifying clause regarding department custody. However, that statutory grant of authority is immediately followed by the requirement that the inmate be afforded "a transfer hearing by the department on the transfer to the Wisconsin resource center." Transfer hearings are provided for in the Department of Health and Social Services' rules. Sections HSS 302.17(5) and HSS 302.20(3) Wis. Adm. Code. Such rules specifically relate to the assessment, evaluation and classification of convicted offenders sentenced or committed to state correctional institutions, and include considerations which would be inapplicable to persons detained in or sentenced to county jail who are not in the custody of the department. See sections HSS 302.01 and HSS 302.14 Wis. Adm. Code.
Therefore, if an inmate of a county jail is already in departmental custody, then the department can use sec. 53.055, Stats., procedures to transfer the inmate to the Center. That is, the department can hold a "transfer hearing" pursuant to its administrative rules. The determination of the need for individualized care would be made at this hearing. However, if the jail inmate is not in department custody. sec. 51.37, Stats., procedures must be utilized to the extent they are applicable.
With regard to county financial responsibilities under sec. 53.055, Stats., transfers, it is my opinion that the county does not incur liability, except under sec. 51.37(5), Stats. Section46.056, Stats., states: "The subunit of the department responsible for community services shall have responsibility for inmates transferred under s. 53.055."
Section 51.42(1)(b), Stats., provides:
 Responsibility of county government. The county boards of supervisors have the primary responsibility for the well-being, treatment and care of the mentally ill, developmentally disabled, alcoholic and other drug dependent citizens residing within their respective counties and for ensuring that those *Page 173 
individuals in need of such emergency services found within their respective counties receive immediate emergency services. County liability for care and services purchased through or provided by a board established under this section shall be based upon the client's county of residence except for emergency services for which liability shall be placed with the county in which the individual is found. For the purpose of establishing county liability, "emergency" services includes those services provided under the authority of s. 51.15, 51.45(11)(b) and (12), 55.05(4), 55.06(11)(a) or 51.45(11)(a) for not more than 72 hours. Nothing in this paragraph prevents recovery of liability under s. 46.10 or any other statute creating liability upon the individual receiving a service or any other designated responsible party.
I view sec. 51.42(1)(b), Stats., as a strong indication that the Legislature intended the term "responsibility" in sec.46.056, Stats., to encompass financial liability. Under the subheading of "Responsibility of county government," sec.51.42(1)(b). Stats., gives county boards "primary responsibility" in the first sentence, and then outlines county liability.
The Legislature, through sec. 46.056. Stats., designated that the Division of Community Services of the Department of Health and Social Services would be "responsible" for transfers pursuant to sec. 53.055, Stats. Since this is an exclusive designation of responsibility, and this responsibility includes financial liability, counties do not incur liability for sec. 53.055, Stats., transfers.
County officials have authority to initiate transfers from a county jail to the Center under sec. 51.37(5), Stats., subject to department approval. The last sentence of sec. 53.055, Stats., requires that transfers for involuntary treatment of mental illness, developmental disabilities, alcoholism or other drug abuse proceed under sec. 51.37(5), Stats. Transfers for voluntary treatment of mental illness, developmental disabilities, alcoholism or other drug abuse are not specifically provided for under sec. 53.055, Stats
Section 51.37(5)(a), Stats., provides:
 When a licensed physician or licensed psychologist of a state prison, of a county jail or of the department reports in writing to the officer in charge of a jail or institution that any prisoner *Page 174 
is, in his or her opinion, mentally ill, drug dependent, or developmentally disabled and is dangerous as defined in s. 51.20(1), or is an alcoholic and is dangerous as provided in s. 51.45(13)(a) 1 and 2; or that the prisoner is mentally ill, drug dependent, developmentally disabled or is an alcoholic and is in need of psychiatric or psychological treatment, and that the prisoner voluntarily consents to a transfer for treatment, the officer shall make a written report to the department which may transfer the prisoner if a voluntary application is made, and if not file a petition for involuntary commitment under s. 51.20(1) or 51.45(13). Any time spent by a prisoner in an institution designated under sub. (2) or (3) shall be included as part of the individual's sentence.
Under the above provisions, a licensed physician or psychologist of a county jail may submit a report to the officer in charge of the jail, who may then submit a report to the department suggesting a transfer to the Center.
Further, sec. 51.37(5)(b), Stats., authorizes emergency transfers to a state treatment facility:
 The department may authorize an emergency transfer of an individual from a prison, jail or other criminal detention facility to a state treatment facility if there is cause to believe that such individual is mentally ill, drug dependent or developmentally disabled and exhibits conduct which constitutes a danger as defined in s. 51.20(1)(a)2 of physical harm to himself or herself or to others, or is an alcoholic and is dangerous as provided in s. 51.45(13)(a)1 and 2. The correctional custodian of the sending institution shall execute a statement of emergency detention or petition for emergency commitment for such individual and deliver it to the receiving state treatment facility. The department shall file the statement or petition with the court within 24 hours after receiving the subject individual for detention.
Again, while the county has some authority under sec.51.37(5)(b), Stats., where the "correctional custodian of the sending institution" is the county sheriff, this authority is limited in that the transfer is subject to department authorization. *Page 175 
Also, as you have correctly noted, transfers from the county jail can be made under sec. 51.37(5)(a), (b). Stats., with no county authority over the transfer decision. The first sentence of sec. 51.37(5)(a), Stats., provides that a physician or psychologist of the department can submit the initial report recommending treatment of any inmate thought to be in need of the specified treatment to the officer in charge of the jail. The officer is then required to submit a report to the department. Likewise, under sec. 51.37(5)(b), Stats., for emergency transfers, the department may authorize the transfer proceedings from a county jail, and the "correctional custodian" of the jail is required to then "execute a statement of emergency detention or petition for emergency commitment."
Section 51.05(2), Stats., addresses this question of board authority over sec. 51.37(5), Stats., transfers:
 The department may not accept for admission to a mental health institute any resident person, except in an emergency, unless the board established under s. 51.42 in the county where the person has legal residency authorizes the care, as provided in s. 51.42(9). Patients who are . . . transferred from . . . a jail or prison to a state treatment facility under s. 51.37(5) are not subject to this section.
As the above also suggests, a sec. 51.37(5). Stats., transfer to the Center also necessitates interpreting the Center as a "state treatment facility."
Section 51.01(15), Stats., defines "state treatment facility," as used in ch. 51, as: "any of the institutions operated by the department for the purpose of providing diagnosis, care or treatment for mental or emotional disturbance, developmental disability, alcoholism or drug dependency and includes but is not limited to mental health institutes."
Since sec. 53.055, Stats., provides that "[i]nmates who are admitted for involuntary treatment of mental illness, developmental disabilities, alcoholism, or other drug abuse must be admitted under s. 51.37(5)," it is necessarily implied that the Center will be providing such treatment, and will therefore meet the sec. 51.01(15), Stats., definition for state treatment facility. I also note that ch. 108, Laws of 1981, which provides additional funding for the Hughes Hall conversion, identifies the funds as being for "mental health facilities." *Page 176 
This does not ignore, however. sec. 53.01, Stats., as amended by ch. 20, Laws of 1981, which designates the "Wisconsin Resource Center" as one of the state prisons. It is clear that, for purposes of sec. 51.37(5), Stats., inmate transfers at least, the Center meets the sec. 51.01(15), Stats., definition of a state treatment facility, notwithstanding the fact that it may also be a prison, under sec. 53.01, Stats.
With regard to county financial liability for sec. 51.37(5), Stats., transfers to the Center, it is my opinion that the board established under sec. 51.42, Stats., is responsible where there is a transfer of a county resident or a non-county emergency transfer resident from the county jail to the Center. Section51.42(1)(b), Stats., gives the county board of supervisors the responsibility, which, in turn is delegated to the respective community boards, sec. 51.42(3)(a), Stats. Section 51.42(9)(a), Stats., states:
 CARE IN OTHER FACILITIES. (a) Authorization for all care of any patient in a state, local or private facility shall be provided under a contractual agreement between the board and the facility, unless the board governs the facility. The need for inpatient care shall be determined by the clinical director of the program. In cases of emergency, a facility under contract with any board shall charge the board having jurisdiction in the county where the patient is found. The board shall reimburse the facility for the actual cost of all authorized care and services less applicable collections according to s. 46.036, unless the department determines that a charge is administratively infeasible, or unless the department, after individual review, determines that the charge is not attributable to the cost of basic care and services. Boards shall not reimburse any state institution nor receive credit for collections for care received therein by
nonresidents of this state, interstate compact clients, transfers under s. 51.35(3), and transfers from Wisconsin state prisons under s. 51.37 (5) (a), commitments under s. 971.14, 971.17, 975.01, 1977 stats., 975.02, 1977 stats., 975.06 or admissions under s. 975.17, 1977 stats., or children placed in the guardianship or legal custody of the department under s. 48.355, 48.427 or 48.43.
Since there is an express provision that the boards have no financial responsibility for sec. 51.37(5)(a) Stats., transfers from state *Page 177 
prisons, it may be inferred that board financial liability does exist in sec. 51.37(5), Stats., transfers from county jails.
The inference drawn from sec. 51.42(9)(a), Stats., is also directly applicable in reference to voluntary transfers. If it had not been intended to hold boards liable for sec. 51.37(5), Stats., transfers, the exclusion of state prison transfers from financial liability under sec. 51.37(5)(a), Stats., would not be necessary.
In answer, then, to your general question on county financial liability for transfers to the Wisconsin Resource Center, I am of the opinion that, based on the present applicable statutes, counties normally are liable for involuntary transfers from jails under sec. 51.37(5), Stats., unless the transfer involves a prisoner previously committed to the department, and/or the transfer is from the Wisconsin state prisons for treatment of mental illness, developmental disabilities, alcoholism or other drug abuse.
BCL:JCM:bh